# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4125 | **DATE** | 6/10/13 |
| **CASE TITLE** | Lance Eugene Hall (#2013-0414176) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to begin making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Cook County Jail. However, the complaint is summarily dismissed with prejudice on initial review for "fraud" on the court. The case is terminated. Any other motions pending are denied as moot.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, currently in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that as a veteran of the U.S. Armed Forces, he is entitled to minimum wage for the work he does at the jail in the laundry. The plaintiff also makes claims regarding the conditions at the jail.

Plaintiff's motion for leave to proceed in forma pauperis is granted and his initial partial filing fee is waived. According to the statement submitted with his in forma pauperis application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, the court finds that the plaintiff made a material omission to the court. Page 3 of the civil rights complaint form the plaintiff submitted required him to "List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States." The complaint form further states: "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION **(CONTINUED)**

AWL

**STATEMENT**

COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." (emphasis in original).

Notwithstanding the court's admonition, the plaintiff only partially identified only one previously filed lawsuit on this page, without giving it a case number. The plaintiff also signed the "CERTIFICATION" at the end of the complaint, confirming, "By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court."

Contrary to what the plaintiff certified by signing his complaint, he has filed nine suits in 2013, *Hall v. Hickerson, et al.*, Case No. 13 C 0395 (N.D. Ill.) (Zagel, J.); *Hall v. Dart, et al.*, Case No. 13 C 0396 (N.D. Ill.) (Zagel, J.); *Hall v. Hickerson, et al.*, Case No. 13 C 0398 (N.D. Ill.) (Zagel, J.); *Hall v. Dart, et al.*, Case No. 13 C 0400 (N.D. Ill.) (Zagel, J.); *Hall v. Dart, et al.*, Case No. 13 C 0402 (N.D. Ill.) (Zagel, J.); *Hall v. Dart*, et al., Case No. 13 C 3661 (N.D. Ill.) (Zagel, J.); *Hall v. Director IDOC, et al.*, Case No. 13 C 3662 (N.D. Ill.) (Zagel, J.); *Hall v. Dart, et al.*, Case No. 13 C 3888 (N.D. Ill.) (Zagel, J.); and the present case. Plaintiff is presently litigating two of these lawsuits in this court: *Hall v. Dart*, et al., Case No. 13 C 3661 (N.D. Ill.) (Zagel, J.), and *Hall v. Director IDOC, et al.*, Case No. 13 C 3662 (N.D. Ill.) (Zagel, J.), in addition to the case at hand.

The court may impose sanctions on a *pro se* litigant if the litigant provides false information to the court, effectuates a fraud on the court, and/or fails to comply with Federal Rule of Civil Procedure. *See Hoskins v. Dart*, 663 F.3d 541 (7th Cir. 2011) (per curiam). *Hoskins* instructs that a district court may require a prisoner to disclose all prior litigation history and the Court may dismiss the case with prejudice when the failure to disclose the history is done with intent to commit a fraud upon the Court. *Hoskins*, 663 F.3d at 543. The Court has the right to make plaintiffs disclose prior litigation history because it must review that history to determine plaintiff's status under the PLRA.

In light of the number of recently filed–and currently pending–cases that the plaintiff had filed prior to the instant action, his failure to identify any of the previous lawsuits cannot be attributed to inadvertence or mistake. The plaintiff's omissions, which can be characterized as a "fraud" on the court, justify dismissal of this action with prejudice. *See Sloan*, 181 F.3d at 859; *see also Taylor v. Chicago Police Dep't*, No. 07 C 5097, 2008 WL 2477694 at * 4 (N.D. Ill. June 18, 2008) (Dow, J.) (plaintiff's failure to identify at least five previous lawsuits on the complaint form justified dismissal).

For the foregoing reasons, this suit is summarily dismissed with prejudice for "fraud" on the court. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also be assessed a "strike" pursuant to 28 U.S.C. § 1915(g). Under that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*